UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                              Chapter 11

FF FUND I, L.P.,                                            Case No. 19-22744-BKC-LMI

   Debtor.
_____/

**DECLARATION OF SONEET R. KAPILA, CHIEF RESTRUCTURING OFFICER, IN SUPPORT OF DEBTOR'S PETITION AND FIRST DAY PLEADINGS**

SONEET R. KAPILA, Chief Restructuring Officer of FF Fund I, L.P. (the "Debtor") makes this Declaration pursuant to 28 U.S.C. § 1746, and states:

1. I am Chief Restructuring Office of FF Fund I, L.P., the debtor and debtor-in-possession in the above-referenced Chapter 11 case. I am familiar with the general financial affairs of the Debtor. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Declaration of behalf of the Debtor.

2. On September 24, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is a Miami-based limited partnership organized under the laws of the State of Delaware. Prior to my appointment as its CRO, the Debtor's operations were managed in Miami through FF Fund Management, LLC ("FF Management"), the Debtor's general partner.

3. The Debtor is a multi-strategy investment "hedge' fund formed in December 2014 whose assets consist of a portfolio of various venture capital investments, certain of which are illiquid and in some cases unconventional in nature. The Debtor is organized with multiple (at least 10) down stream "subsidiaries" holding a variety of non-traditional investments, each of which has unique characteristics which do not all lend themselves to immediate monetization,

reorganization and/or liquidation. Assessing the characteristics of each investment will be a key factor in maximizing the value of such assets. Without prejudging, it is conceivable that some investments may be subject to immediate liquidation while others do not offer immediate liquidity but will require reorganization or restructuring of the relevant subsidiaries, including potentially filing separate chapter 11 bankruptcy cases for such subsidiaries. .

4. Precipitating the Debtor's chapter 11 filing, one of the Debtor's limited partners, Dennis S. Hersch solely in his capacity as Trustee of the Linder West Trust ("Hersch"), filed litigation in Delaware against FF Management, Andrew T. Franzone, the principal of FF Management, and the Debtor (the "Hersch Litigation").  Based upon the documents provided to me and that I reviewed, Hersch holds the largest single amount of limited partnership interests in the Debtor.  However, the Debtor has approximately 113 limited partners.

5. The Hersch Litigation was filed on August 6, 2019 in the Chancery Court for the States of Delaware (the "Delaware Court") Case No. 2019-0613 (the "Delaware Litigation").  In the Delaware Litigation, Hersch seeks, among other things, dissolution of the Debtor and the appointment of a liquidating agent/trustee over the Debtor.  As of the Petition Date, no liquidating agent or trustee had been appointed by the Delaware Court. Rather, the Delaware Court set a hearing on the request to appoint a liquidating agent/trustee for mid-October, 2019

6. Based on my diligence to date, substantially all of the Debtor's assets are illiquid at this time. My tenure as CRO has not been of sufficient duration to perform a fulsome independent analysis to determine to what extent the assets are illiquid, or can be promptly monetized and/or reorganized.

7. Depending on the methodology of valuation used, the Debtor may be solvent, even though it has no present liquidity.  Based on the valuation performed by the Debtor's prior

management, the Debtor's assets are valued at approximately $53 million. The Debtor's books and records reflect general unsecured debt of approximately $1.77 million. The Debtor's value and ability to pay its creditors in full, however, ultimately hinges on whether its investments in certain ventures/subsidiaries come to fruition.

8. Through the Chapter 11 process, the Debtor, under my direction and control as CRO, intends to utilize its exclusive period to (i) promptly evaluate each of the Debtor's investments, including those in its 10 non-debtor subsidiaries, (ii) develop a plan to maximize the value of such investments, and (iii) formulate, file and prosecute a plan. The Debtor has no secured creditors.

9. The Debtor seeks emergency relief to continue my role as CRO within the Chapter 11 case. I believe that my continuation as CRO is necessary to maximize the value of the Debtor's investment portfolio. The Debtor also seeks relief to retain Genovese Joblove & Battista, P.A. as its general bankruptcy counsel.

10. This concludes my declaration.

### 28 U.S.C. § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 24, 2019.

SONEET R. KAPILA
Chief Restructuring Officer
FF Fund I, L.P.